IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALEMAYEHU GETACHEW,**

        **Plaintiff,**

  vs.                                      **Civil Action 2:11-CV-169**
                                                **Judge Sargus**
                                                **Magistrate Judge King**

**CENTRAL OHIO WORKFORCE INVESTMENT
CORPORATION,** *et al.***,**

        **Defendants.**


<u>OPINION AND ORDER</u>

     Plaintiff, proceeding without the assistance of counsel, alleges that defendants Central Ohio Workforce Investment Corporation ("COWIC") and Goodwill Industries International, Inc. ("Goodwill") discriminated against him on the basis of his race, national origin, and age in connection with his efforts to obtain employment. Plaintiff also asserts a claim of retaliation against Goodwill. Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Fourteenth Amendment to the United States Constitution, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and 42 U.S.C. § 1981. This matter is before the Court on *Plaintiff's Motion Stating That He Did Not Received [sic] the Court's Opinion and Order, Doc. No. 23 and Will Present His Amended Complaint Not Later Than October 25, 2011*, Doc. No. 27 ("*Motion for Extension*"), and *Plaintiff's Motion to Amend His Complaint Against Both Defendant "COWIC" and "Goodwill Industries International, Inc."*, Doc. No. 30 ("*Motion to Amend*").

I.     **BACKGROUND**

     Shortly after this action was filed, both defendants filed

motions to dismiss.  Doc. Nos. 4, 7.  At the request of defendants, the Court continued the preliminary pretrial conference until sometime after resolution of the pending motions to dismiss.  *Order*, Doc. No. 15.

Plaintiff moved for leave to amend his complaint, seeking to add claims of race discrimination under § 1983 against both defendants and a claim of "gender bias" against Goodwill.  Doc. No. 20.  On August 23, 2011, over opposition of defendants, the Court granted plaintiff "leave to amend the complaint in order to assert an additional claim under § 1983."  *Opinion and Order*, Doc. No. 23, p. 5.  The Court specifically ordered plaintiff to file the amended complaint within seven days of the date of the *Opinion and Order*.  *Id*.

More than a month after that deadline has passed, no amended complaint had been filed.  On October 6, 2011, the Court noted that, in light of plaintiff's failure to timely file an amended complaint, it continued "to regard the original complaint, Doc. No. 2, as the operative complaint in this case."  *Order*, Doc. No. 24.

On October 12, 2011, in response to the Court's *Order*, Doc. No. 24, plaintiff filed a motion, contending that "he was not served of the court's order of August 23, 2011 and it was totally not his fault and as a result he should be allowed to amend and will present on or before October 25, 2011."  *Motion for Extension*, p. 1.  COWIC opposes the *Motion for Extension*, arguing that the Court's records reflect that the *Order* dated August 23, 2011 was mailed to plaintiff and there is no evidence that it was sent to the wrong address or was returned as undeliverable.  Doc. No. 28, p. 2.  Goodwill has not responded to the *Motion for Extension.*

On October 24, 2011, plaintiff filed the *Motion to Amend*, seeking to add four new claims against COWIC and two new claims against Goodwill.  COWIC has filed an opposition to the *Motion to Amend*, Doc. No. 31, to which plaintiff has not replied.  Goodwill has not

responded to the *Motion to Amend*. These motions are now ripe for resolution.

**II. STANDARD**

Generally, leave to amend a complaint shall be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of the request to amend a complaint is left to the broad discretion of the district court. *Gen'l Electric Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). "In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A proposed amendment is futile, and therefore should not be permitted, if it cannot state a viable claim that would survive a motion to dismiss. *See*, *e.g.*, *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) ("A district court may deny a plaintiff leave to amend his or her complaint. . . when the proposed amendment would be futile."); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

**III. DISCUSSION**

As an initial matter, the Court notes that plaintiff's most recent request to amend the *Complaint* comes nearly two months after the deadline previously imposed by the Court. *Order*, Doc. No. 23. As COWIC correctly points out, the Court's records reflect that the *Order*, establishing August 30, 2011 as the date by which the amended complaint must be filed, was delivered to plaintiff. *Id*. Plaintiff presents no evidence that the *Order* was delivered to the wrong address or returned to the Court. Nevertheless, out of an abundance of caution, the Court will consider this *pro se* plaintiff's most recent *Motion to Amend*.

responded to the *Motion to Amend*. These motions are now ripe for resolution.

**II. STANDARD**

Generally, leave to amend a complaint shall be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of the request to amend a complaint is left to the broad discretion of the district court. *Gen'l Electric Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). "In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A proposed amendment is futile, and therefore should not be permitted, if it cannot state a viable claim that would survive a motion to dismiss. *See*, *e.g.*, *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) ("A district court may deny a plaintiff leave to amend his or her complaint. . . when the proposed amendment would be futile."); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

**III. DISCUSSION**

As an initial matter, the Court notes that plaintiff's most recent request to amend the *Complaint* comes nearly two months after the deadline previously imposed by the Court. *Order*, Doc. No. 23. As COWIC correctly points out, the Court's records reflect that the *Order*, establishing August 30, 2011 as the date by which the amended complaint must be filed, was delivered to plaintiff. *Id*. Plaintiff presents no evidence that the *Order* was delivered to the wrong address or returned to the Court. Nevertheless, out of an abundance of caution, the Court will consider this *pro se* plaintiff's most recent *Motion to Amend*.

Although this Court previously granted plaintiff leave to file an amended complaint in order to assert an additional claim under § 1983 against both defendants, *Opinion and Order*, p. 5, plaintiff now seeks leave to add several claims in addition to the § 1983 claims. The Court will address each in turn.

### A. Proposed Claims Against COWIC

#### 1. Section 1983

In its response to the *Motion to Amend*, COWIC specifically states that it does not oppose plaintiff's request for leave to assert a § 1983 claim, noting that the Court previously addressed this request. Doc. No. 31, p. 1 n.1 (citing *Opinion and Order*, Doc. No. 23). For the reasons set forth in its prior *Opinion and Order*, the Court concludes that plaintiff may assert a § 1983 claim against COWIC.

#### 2. Thirteenth Amendment

Plaintiff next seeks leave to amend in order to assert a cause of action under the Thirteenth Amendment to the United States Constitution, alleging, *inter alia*, that COWIC's classification of "blacks and other minorities to menial jobs or to the traditional segregated job categories. . . [COWIC's] job advertisement was a relic of slavery or its footprint, the badges and incidents of slavery." *Motion to Amend*, p. 2. COWIC argues that this requested amendment is futile because there is no private cause of action under the Thirteenth Amendment, only under one of the implementing statutes. Doc. No. 31, p. 2.

42 U.S.C. § 1981 provides in pertinent part: "All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." Section 1981, to the extent that it reaches private conduct, is "intended to relieve African-Americans of the 'badges and incidents' of slavery pursuant to Congress's power to enforce the Thirteenth Amendment." *Campbell v. Robb*, No. 04-1567, 162 Fed. Appx.

4

460, at *474 (6th Cir. Jan. 9, 2006) (citing *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 439 (1968); *Runyon v. McCrary*, 427 U.S. 160, 179 (1976)).

In the original *Complaint*, Doc. No. 2, plaintiff alleges that COWIC "published notices that encouraged blacks and other minorities to go for jobs that historically were held by them, the second defendant (GIII) [Goodwill] followed his track and turned down blacks and other minorities who applied for jobs traditionally held by whites, thus discouraging them."  *Id*. at ¶ 16.  Although plaintiff does not specifically refer to Section 1981 in the *Complaint* or in the *Motion to Amend*, the Court must construe *pro se* filings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  In light of this liberal construction and keeping in mind that leave to amend shall be freely granted "when justice so requires," Fed. R. Civ. P. 15(a), the Court concludes that its discretion is best exercised in permitting plaintiff to amend his complaint to assert a claim under 42 U.S.C. §1981 against COWIC.

### 3. Negligent infliction of emotional distress

Plaintiff next seeks leave to amend in order to assert a claim of negligent infliction of emotional distress against COWIC in connection with his employment application and/or job training opportunities.  *Motion to Amend*, pp. 1-2.  As COWIC correctly observes, however, Ohio law does not recognize a cause of action for negligent infliction of emotional distress in the employment context.  *See*, *e.g.*, *Hatlestad v. Consolidated Rail Corp.*, 75 Ohio App. 3d 184, 191 (10th Dist. 1991) (citing *Antalis v. Ohio Dep't of Commerce*, 68 Ohio App.3d 650, 589 (10th Dist. 1990)).  Accordingly, plaintiff's proposed amendment to add such a claim is futile.

### 4. Intentional infliction of emotional distress

Plaintiff also seeks leave to amend in order to assert a claim of

intentional infliction of emotional distress against COWIC in connection with his employment application and/or job training opportunities.  *Motion to Amend*, pp. 1-2.  Under Ohio law, a plaintiff must prove the following in order to prevail on a claim for intentional infliction of emotional distress: "(1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress."  *Phung v. Waste Management*, 71 Ohio St. 3d 408, 410 (1994).  Conduct is "extreme and outrageous" only if "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999) (citing *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 6 Ohio St. 3d 369, 375 (1983) (quoting Restatement (Second) of Torts § 46 (1965))).

 Here, plaintiff simply alleges that COWIC "intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to plaintiff."  *Motion to Amend*, p. 2.  These allegations are insufficient to establish a plausible claim for intentional infliction of emotional distress.  First, plaintiff's assertion offers no factual allegations and simply recites some of the elements of his claim.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

 Second, plaintiff does not allege that he actually suffered serious emotional distress.  *Motion to Amend*, p. 2.  However, even if the Court construed plaintiff's sentence to allege that he actually suffered severe emotional distress, this conclusory, bare bones assertion is still insufficient to survive a motion to dismiss.  *See*,

*e.g.*, *Ault v. Medina Med. Investors, LLC*, No. 1:06cv1113, 2007 U.S. Dist. LEXIS 1407, at *16-17 (N.D. Ohio Jan. 8, 2007) ("Plaintiff must adequately allege that she suffers from serious mental anguish that no reasonable person could be expected to endure.  Plaintiff's bare assertion that she 'has suffered and continues to suffer severe emotional distress,' . . . without anything more, does not satisfy this element.") (citations omitted).  *Cf*. *Mathur v. Meriam Process Techs.*, 1:10-CV-00121, 2010 U.S. Dist. LEXIS 81366, at *8 (N.D. Ohio July 13, 2010) (finding that the plaintiffs had not established severe emotion distress following employment termination because "[a]lthough the loss of employment and medical insurance may be interpreted as severe, a reasonable person should be expected to endure that pain.").

Finally, the Court agrees with COWIC that its conduct of which plaintiff complains, *i.e.,* the alleged discriminatory denial of job training and a job posting, is not extreme or outrageous.  As an initial matter, "extreme and outrageous conduct" is narrowly defined under Ohio law.  *See*, *e.g.*, *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009) (citing *Baab v. AMR Servs. Corp.*, 811 F. Supp. 1246, 1269 (N.D. Ohio 1993) ("[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement.").  In the employment context, even a termination based upon unlawful discrimination (without something more) does not constitute "extreme and outrageous conduct."  *Godfredson*, 173 F.3d at 376 (applying Ohio law).  Analogizing COWIC's alleged discriminatory conduct to a wrongful termination, plaintiff has failed to state a claim under Ohio law.  *Id*.  Taken together, plaintiff has failed to "raise a right to relief [based on a claim of intentional emotional distress] above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

    B.    **Proposed Claims Against Goodwill**

Goodwill has not filed a response to the *Motion to Amend*, which

seeks leave to add a § 1983 claim and an equal protection claim against Goodwill.  For the reasons discussed *supra*, plaintiff's request for leave to assert a claim under § 1983 against Goodwill is meritorious.  It is not immediately apparent to the Court that the putative equal protection claim is futile.  Further, Goodwill has not argued that this proposed amendment is made in bad faith or that granting leave to so amend would otherwise prejudice Goodwill.  In light of the rule that leave to amend shall be freely granted "when justice so requires,"  Fed. R. Civ. P. 15(a), the Court concludes that its discretion is best exercised in permitting the equal protection claim to proceed against Goodwill.

   **WHEREUPON**, *Plaintiff's Motion Stating That He Did Not Received [sic] the Court's Opinion and Order, Doc. No. 23 and Will Present His Amended Complaint Not Later Than October 25, 2011*, Doc. No. 27, and *Plaintiff's Motion to Amend His Complaint Against Both Defendant "COWIC" and "Goodwill Industries International, Inc."*, Doc. No. 30, are **GRANTED in part** and **DENIED in part**.  Specifically, plaintiff's motions are **DENIED** to the extent that plaintiff seeks leave to assert claims for negligent and intentional infliction of emotional distress against COWIC.  The motions are **GRANTED** to the extent that plaintiff may file an amended complaint asserting additional claims under 42 U.S.C. § 1983 against both defendants, asserting a claim under 42 U.S.C. § 1981 against COWIC, and asserting an equal protection claim against Goodwill.  Plaintiff is specifically **ADVISED** that the Court will not accept an amended complaint that contains claims beyond these new claims and the claims asserted in the original *Complaint*.

   Plaintiff is **ORDERED** to file the amended complaint within seven (7) days of the date of this *Opinion and Order*.  **THERE WILL BE NO FURTHER EXTENSIONS OF THIS DATE.**

December 29, 2011                              <u>*s/Norah McCann King*</u>
                                               Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge