IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALEMAYEHU GETACHEW,**

    **Plaintiff,**

  v.                                    **Case No. 2:11-CV-169**
                                            **JUDGE SARGUS**
                                            **MAGISTRATE JUDGE KING**

**CENTRAL OHIO WORKFORCE
INVESTMENT CORPORATION,** *et al.***,**

    **Defendants.**

### ORDER

This is an employment action in which plaintiff, who is proceeding without the assistance of counsel, claims that he was discriminated against on the bases of race, national origin and age. Plaintiff also asserts a claim of retaliation. Only the claims against defendant Goodwill Industries of Central Ohio, Inc., remain pending. This matter is now before the Court on *Plaintiff's Motion Requesting Defendant Goodwill's Counsels to Comply with Rule 26(a)(1) Disclosure and to Disregard Concealment of Material Fact*, Doc. No. 55 [*"Plaintiff's Motion to Compel"*], *Plaintiff's Motion Requesting the Court Take Corrective Action on Defendant Goodwill Who Was Confronted with Misrepresentation – Either in the Form Compensatory Reward or by Vacating the Court's Order for His Motion Filed on August 30, 2012 and Resume the Settlement Conference*, Doc. No. 57 [*"Plaintiff's Motion for Sanctions"*], and on *Defendant Goodwill Industries of Central Ohio, Inc.'s Combined Emergency Motion to Seal and Motion to Stay Briefing on Plaintiff's Motions until the Court Rules on Goodwill's Motion to Dismiss*, Doc. No. 61, [*"Defendant's Motion to Seal and to Stay"*].

*Plaintiff's Motion to Compel* and *Plaintiff's Motion for Sanctions* are based on plaintiff's contention that defendant failed to make the disclosures required by Fed. R. Civ. P. 26(a)(1).  To the contrary, however, and as evidenced by defendant's actual disclosures, *Exhibit A*, attached to Doc. No. 56, defendant has identified the witnesses and has generally described the documents upon which, defendant represents, it intends to rely in the litigation.  Defendant will be held to its representation. The fact that plaintiff may intend to rely on other witnesses or documents does not, of course, mean that defendant has failed to fulfill its obligations under Rule 26(a)(1).  *Plaintiff's Motion to Compel* and *Plaintiff's Motion for Sanctions* are without merit.

*Defendant's Motion to Seal and to Stay* asks that recent filings by plaintiff, *i.e.*, Doc. Nos. 55, 60, be sealed because they contain personal identifying information of other individuals in violation of Fed. R. Civ. P. 5.2.  That motion is meritorious and Doc. Nos. 55, 60 will be ordered sealed by the Clerk.  Moreover, plaintiff is advised that the Court will order stricken any future filings made by him that contain unredacted personal identifiers.

Defendant also asks that proceedings on *Plaintiff's Motion for Judgment on Partial Findings and on Defendant Goodwill's Officials Misrepresentation under Oath to EEOC and the Ohio Civil Rights Commission to Cover Up Impermissible Employment Practices*, Doc. No. 60, be stayed pending resolution of its previously filed *Defendant Goodwill Industries of Central Ohio, Inc.'s Combined Motion to Dismiss and to Extend its Deadline for Filing its Motion for Summary Judgment*, Doc. No. 58, which is based on plaintiff's alleged failure to cooperate in the discovery process.[1]  If plaintiff intends to oppose that portion of defendant's motion, he shall file a response to the motion no later than November 26, 2012.

---

[1] That motion is not yet ripe for resolution.

**WHEREUPON** *Plaintiff's Motion to Compel,* Doc. No. 55, and *Plaintiff's Motion for Sanctions,* Doc. No. 57, are **DENIED.**  To the extent that *Defendant's Motion to Seal and to Stay*, Doc. No. 61, asks that Doc. Nos. 55, 60, be sealed because they contain personal identifying information of other individuals in violation of Fed. R. Civ. P. 5.2, that motion is **GRANTED.**  The Clerk is **DIRECTED** to seal Doc. Nos. 55, 60.  Moreover, plaintiff is advised that the Court will order stricken any future filings made by him that contain unredacted personally identifying information of other individuals.

To the extent that the motion seeks a stay of proceedings on Doc. No. 60, *Defendant's Motion to Seal and to Stay*, Doc. No. 61, remains pending.  If plaintiff intends to oppose that motion, he shall file a memorandum in opposition to the motion no later than November 26, 2012.  If its request to stay is denied, defendant may have fourteen (14) days, after resolution of its request to stay, to respond to Doc. No. 60.


**November 13, 2012**              *s/ Norah McCann King*
**DATE**                      **NORAH McCANN KING**
                        **UNITED STATES MAGISTRATE JUDGE**