**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ALEMAYEHU GETACHEW,**

    **Plaintiff,**

  **v.**                                                     **Case No. 2:11-CV-169
JUDGE SARGUS
MAGISTRATE JUDGE KING**

**CENTRAL OHIO WORKFORCE
INVESTMENT CORPORATION,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This is an employment action in which plaintiff, who is proceeding without the assistance of counsel, claims that he was discriminated against on the bases of race, national origin and age. Plaintiff also asserts a claim of retaliation. Only the claims against defendant Goodwill Industries of Central Ohio, Inc. ["defendant"], remain pending. This matter is now before the Court on *Defendant Goodwill Industries of Central Ohio, Inc.'s Combined Motion to Dismiss and to Extend Its Deadline for Filing Its Motion for Summary Judgment*, Doc. No. 58 ["*Motion to Dismiss and to Extend*"], and on *Defendant Goodwill Industries of Central Ohio, Inc.'s Combined Emergency Motion to Seal and Motion to Stay Briefing on Plaintiff's Motions until the Court Rules on Goodwill's Motion to Dismiss*, Doc. No. 61 ["*Motion to Stay*"].[1]

*Motion to Dismiss and to Extend*

Defendant asks that the action be dismissed in light of plaintiff's repeated failures to

---

[1] A second branch of defendant's *Motion to Stay*, which sought the sealing of certain filings by plaintiff, was granted by the Court on November 13, 2012. *Order*, Doc. No. 62.

participate in the discovery process. Specifically, defendant represents that plaintiff failed to make required disclosures under Fed R. Civ. P. 26(a)(1), failed to respond to defendant's written discovery requests and failed to appear for depositions on two occasions. *Declaration of Chad J. Kaldor*, attached to *Motion to Dismiss and to Extend*. In his response to the motion, plaintiff does not dispute those representations but merely repeats his accusation – previously rejected by this Court, *see Order*, Doc. No. 62 – that defendant has failed to fulfill its obligations under Rule 26(a)(1). The record is therefore uncontroverted that plaintiff has failed to participate in the discovery process.

Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of sanctions for a party's failure to make Rule 26(a)(1) disclosures, Rule 37(c)(1), or failure to respond to written discovery requests or to attend one's own deposition, Rule 37(d)(1). A court has wide discretion in determining an appropriate sanction under Rule 37. *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639 (1976); *Regional Refuse Systems v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir. 1988). The exercise of the court's discretion must be informed by four factors:

> "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered."

*Doe v. Lexington-Fayette Urban County Government*, 407 F.3d 755, 765-66 (6th Cir. 2005)(quoting *Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir.1997)). *See also Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985) ("Dismissal of an action for failure to cooperate in

2

discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault.").

The record establishes that plaintiff's failures to cooperate in discovery has been willful. For example, defendant has established that plaintiff agreed – twice – to the time and place of his deposition and yet failed to appear on each occasion without notice, explanation or justification. *Declaration of Chad J. Kaldor*, ¶¶ 4-9. The resulting prejudice to defendant is patent: defendant has been denied the discovery to which it is entitled and has incurred expenses in connection with the aborted depositions. *Id.*, ¶ 11. However, because defendant has not previously brought plaintiff's repeated failures to the Court's attention, plaintiff has not been warned in this litigation that his conduct could lead to the imposition of sanctions. The Court therefore concludes that the imposition of sanctions, particularly the sanction of dismissal, is unwarranted at this juncture.

However, plaintiff is **EXPRESSLY ORDERED** to respond to defendant's written discovery requests no later than January 3, 2013 and to participate in his deposition. The deposition should be scheduled to take place on a date and time agreeable to all parties, but in no event later than January 15, 2013. If the parties are unable to agree to a date and time for plaintiff's deposition, the Court will impose a date and time. Moreover, plaintiff will be expected to participate fully and substantively in that deposition.

Plaintiff is **EXPRESSLY ADVISED** that his failure to strictly comply with this *Opinion and Order* will result in the imposition of sanctions, including the dismissal of this action.

Defendant's *Motion to Dismiss and to Extend* also asks that the deadline for filing dispositive motions be extended and that it be permitted to file its motion for summary judgment

within thirty (30) days following resolution of its *Motion to Dismiss and to Extend*.  That motion is meritorious in light of plaintiff's demonstrated failure to cooperate in the discovery process.

### *Motion to Stay*

Defendant also asks that briefing of *Plaintiff's Motion for Judgment on Partial Findings and on Defendant Goodwill's Officials Misrepresentation under Oath to EEOC and the Ohio Civil Rights Commission to Cover Up Impermissible Employment Practices*, Doc. No. 60, be stayed pending resolution of its *Motion to Dismiss and to Extend*.  That motion is likewise meritorious.  Defendant may have thirty (30) days to respond to Doc. No. 60.

**WHEREUPON** defendant's *Motion to Dismiss and to Extend*, Doc. No. 58, is **DENIED** in part and **GRANTED** in part.  To the extent that defendant's motion seeks dismissal of the action, the motion is **DENIED**.  However, plaintiff is **EXPRESSLY ORDERED** to respond to defendant's written discovery requests no later than January 3, 2013 and to participate in his deposition.  The deposition should be scheduled to take place on a date and time agreeable to all parties, but in no event later than January 15, 2013.  If the parties are unable to agree to a date and time for plaintiff's deposition, the Court will impose a date and time.  Moreover, plaintiff will be expected to participate fully and substantively in that deposition.

Plaintiff is **EXPRESSLY ADVISED** that his failure to strictly comply with this *Opinion and Order* will result in the imposition of sanctions, including the dismissal of this action.

Defendant is **GRANTED** thirty (30) days from the date of this *Opinion and Order* to file its motion for summary judgment.

Defendant's *Motion to Stay*, Doc. No. 61, is **GRANTED**.  Defendant may have thirty (30) days from the date of this *Opinion and Order* to respond to plaintiff's motion, Doc. No. 60.


December 18, 2012                             *s/ Norah McCann King*
DATE                                          NORAH McCANN KING
                                              UNITED STATES MAGISTRATE JUDGE